Marianne Dugan (Oregon State Bar # 93256)
*pro hac vice application pending*
259 E. 5th Ave., Ste 200-D
Eugene, OR 97401
Telephone: (541) 338-7072
Fascimile: (866) 650-5213
Email: mdugan@mdugan.com

Matthew D. Vespa (CA Bar. No. 222265)
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 ext. 309
Fascimile. (415) 436-9683
E-mail: mvespa@biologicaldiversity.org

Attorneys for Plaintiffs Center for Biological Diversity, Kentucky Environmental Foundation, and Sierra Club

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>RURAL UTILITIES SERVICE, a federal agency with the United States Department of Agriculture,<br><br>Defendant. | Case No. CV 08 1240 EMC<br><br>**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMPLAINT - PAGE 1

## I. INTRODUCTION

1. This is a civil action for declaratory and injunctive relief under the Administrative Procedures Act (APA), 5 U.S.C. § 551-706. The claims arise from defendant's violations of the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370(d), and its implementing regulations, 40 C.F.R. §§ 1500-1508.

2. This action is brought pursuant to the right of review provision of the APA, 5 U.S.C. § 702.

3. Defendant violated federal law in its preparation of the Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) for "possible financing assistance to East Kentucky Power Cooperative (EKPC) for the construction of two new J.K. Smith Station combustion turbine electric generating units (CTs), two new electric switching stations, and the 36-mile, Smith-West Garrard 345 kilovolt (kV) electric transmission line located in Clark, Madison, and Garrard Counties, Kentucky" ("the transmission line project").

4. Plaintiffs challenge defendant's failure to meet their procedural and substantive duties required by NEPA by failing to adequately perform environmental review procedures in its Environmental Assessment (EA) for the transmission line project and Finding of No Significant Impact (FONSI). Plaintiffs further challenge defendant's failure to prepare an Environmental Impact Statement (EIS) examining all potentially significant environmental impacts of the transmission line project as required by NEPA.

5. Plaintiffs seek:
    a. An order declaring that defendant failed to comply with NEPA;
    b. An order enjoining defendant from undertaking activities unless and until defendant complies with NEPA and the APA;
    c. An award of plaintiffs' reasonable attorneys' fees and costs associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;
    d. Such additional and further relief as the Court deems just and equitable.

6. The requested relief is necessary to preserve the *status quo*, to prevent illegal agency action, and to forestall irreparable injury to the environment.

## II. JURISDICTION, VENUE, AND BASIS FOR RELIEF

7. This Court properly has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346(2) (United States as defendant). Judicial review is authorized by 5 U.S.C. § 706 because plaintiffs are adversely affected within the meaning of relevant statutes.

8. Plaintiff Sierra Club is incorporated in California and resides and maintains its headquarters in San Francisco County in California. Venue is properly vested in this Court by 28 U.S.C. § 1391(e). The other two plaintiffs defer to the venue established by Sierra Club.

9. Declaratory relief is appropriate under 5 U.S.C. § 703 and 28 U.S.C. § 2201. Injunctive relief is appropriate under 5 U.S.C. § 703 and 28 U.S.C. § 2202.

## III. INTRADISTRICT ASSIGNMENT

10. This action is properly assigned to the San Francisco Division of this Court because Plaintiff Sierra Club is based in San Francisco and Plaintiff Center for Biological Diversity maintains an office in San Francisco.

## IV. PARTIES

11. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") is a non-profit corporation dedicated to the preservation, protection, and restoration of biodiversity, native species, ecosystems, and public lands throughout the United States. The Center has over 40,000 members, including approximately 280 members who reside in Kentucky, and offices in San Francisco, San Diego, and Los Angeles, California; Tuscon and Phoenix, Arizona; Silver City, New Mexico; Washington, D.C. and Portland, Oregon. The Center and its staff and members have an interest in ensuring the environmental quality of the areas which will be affected by the challenged project. The Center's members and staff regularly use lands and intend to continue to use lands throughout the United States, including lands affected by the challenged project, for observation, research, aesthetic enjoyment, and other recreational, scientific, and educational activities. The Center's members derive scientific, recreational, health and aesthetic benefits from the protection of these areas.

12. Plaintiff KENTUCKY ENVIRONMENTAL FOUNDATION ("KEF") is a non-profit corporation organized under the laws of Kentucky, and maintains its offices in Berea, Kentucky. KEF's members and staff use, enjoy, own and recreate on lands that are likely to be affected by the

COMPLAINT - PAGE 3

challenged project. Members and staff of KEF live, exercise, work, raise children, farm, garden, recreate, fish, birdwatch, and hike, and will continue to do so on a regular basis, in Madison, Jackson and other counties in Kentucky near Clark County where the facility and its transmission lines are proposed. KEF would sustain injury to its interests if the challenged project is undertaken in the absence of a legally and scientifically sufficient analysis of the project's environmental and socio-economic impacts. The interests of plaintiff and its members would sustain further injury because the project will degrade air quality, including air quality related values such as visibility and deposition of toxic and acidic substances in and around the project area and the areas where members and staff of KEF live, exercise, work, raise children, farm, garden, recreate, fish, birdwatch, and hike. In addition, a NEPA analysis that fully and fairly compared the transmission line and all the generating units it will serve to other alternatives would provide KEF with valuable information about economic and environmental impact of the transmission line and generating units versus other options such as renewable energy and demand side management. Defendant's violations of NEPA deny KEF this valuable information.

13. Plaintiff SIERRA CLUB is the oldest, largest and most influential grassroots environmental organization in the country. Founded in 1892 by John Muir, the Sierra Club is a non-profit organization with over 775,000 members. The Cumberland Chapter, with over 5000 members, is one of 64 chapters working together to protect wildlands and wildlife, through political, legal and educational channels. The members of the Cumberland Chapter use, enjoy, own and recreate on lands that are likely to be affected by the challenged project. Members of the Sierra Club live, exercise, work, raise children, farm, garden, recreate, fish, birdwatch, and hike, and will continue to do so on a regular basis, in Madison and other Counties in Kentucky which are near or border Clark County where the facility and its transmission lines are proposed. Plaintiff would sustain injury to its interests if the challenged project is undertaken in the absence of a legally and scientifically sufficient analysis of the project's environmental and socio-economic impacts. The interests of plaintiff and its members would sustain further injury because the project will degrade air quality, including air quality related values such as visibility and deposition of toxic and acidic substances in and around the project area and the areas where members of Sierra Club live, exercise,

COMPLAINT - PAGE 4

work, raise children, farm, garden, recreate, fish, birdwatch, and hike. In addition, a NEPA analysis that fully and fairly compared the transmission line and all the generating units it will serve to other alternatives would provide Sierra Club with valuable information about economic and environmental impact of the transmission line and generating units versus other options such as renewable energy and demand side management. Defendant's violations of NEPA deny Sierra Club this valuable information.

14. Plaintiffs commented on the Environmental Assessment for the transmission line project.

15. Defendant RURAL UTILITIES SERVICE (RUS) is a federal agency within the U.S. Department of Agriculture.

## V.  SUMMARY OF FACTS

**A.  The Transmission Line Project**

16. In June 2007 defendant invited comments on an Environmental Assessment (EA) for the transmission line project.

17. Defendant proposed providing financial assistance to East Kentucky Power Cooperative (EKPC) for the construction of two new combustion turbine electric generating units (CTs) at its existing J.K. Smith Electric Generating Station in southern Clark County, Kentucky, utilizing natural gas as a fuel source.

18. Defendant stated that the proposed new units were needed to provide additional electric generating capacity that would allow EKPC to meet its projected electrical peaking demand in the 2009-2011 period.

19. Defendant also proposed assisting EKPC with construction of two new electric switching stations, one at its existing J.K. Smith Generating Station ("the Smith Plant") and one in western Garrard County, Kentucky (disturbing between 5 and 10 acres); and a 36-mile, 345 kilovolt electric transmission line (on a 150-foot right-of-way) that would extend through Clark, Madison, and Garrard Counties, Kentucky, between the proposed new switching stations.

20. The new transmission line would be supported by vertical H-frame steel pole structures that would range in height from 90 to 130 feet above ground.

COMPLAINT - PAGE 5

21. Defendant stated in the EA that the proposed new transmission facilities were needed to provide an outlet for the additional electric power that would be generated at the Smith Plant as a result of the installation of the proposed new CTs as well as new circulating fluidized-bed (CFB) coal-fired units, which defendant is analyzing in a separate Environmental Impact Statement.

22. The EA makes no mention of the CFB units for which this transmission capacity is being proposed.

23. EKPC's May 17, 2006 "System Impact Study" ("SIS") for the "Generation Interconnection Requests #30-33, JK Smith Combustion Turbines #812 and CFS Unit #1 Project in Clark County, Kentucky" states: "The existing four 138 kV transmission lines connected to the J.K. Smith Substation are insufficient to accommodate delivery of the total net output of the expanded J.K. Smith Power Plant. In fact, it was determined that the existing transmission outlets cannot accommodate any generation additions at the site."

24. The SIS evaluates the transmission needs of the CTs and CFB units combined.

25. As of the June 2007 notice for the transmission line project, the construction of that project was tentatively scheduled to begin in the fall of 2007 with estimated construction duration of two years.

26. Plaintiffs commented on the EA.

27. On September 19, 2007, defendant issued a Finding of No Significant Impact (FONSI) for the transmission line project, stating that there would be no significant impacts associated with the implementation of the transmission line project, and that therefore the agency did not have to prepare an Environmental Impact Statement (EIS).

**B.    The Smith Plant Expansion**

28. The Smith Plant is currently a peaking station, designed to provide electricity during times of peak usage, generally during hot summer and cold winter months.

29. The seven peaking units currently in operation at the facility are combustion turbines, fueled by oil and natural gas with production of 626 megawatts in the summer and 842 megawatts in the winter.

30. In addition to the transmission line project, EKPC, the owner and operator of the

COMPLAINT - PAGE 6

1  Smith Plant, is currently planning an increase in peaking capacity through the addition of two new
2  natural gas combustion units, and is also planning two new 278 megawatt coal-fired units that will
3  be baseload units rather than just at times of peak demand.

4      31.    These new coal-fired generating units stand to increase the production capacity of the
5  Smith Plant by more than 700 megawatts, and will be supported by the 36 miles of new, large-
6  capacity transmission lines.

7      32.    Neither coal-fired unit at the Smith Plant could deliver its electricity without the
8  large-capacity transmission line project considered in the EA.

9      33.    Defendant is currently preparing a separate Environmental Impact Statement for the
10  proposed coal-fired generating units at the Smith Plant expansion.

## VI. VIOLATIONS OF LAW

### COUNT I

### Violation of NEPA

### Improper Segmentation of Connected Actions

15      34.    Plaintiffs incorporate by reference paragraphs 1 through 33.

16      35.    NEPA requires that proposals "which are related to each other closely enough to be,
17  in effect, a single course of action shall be evaluated in a single impact statement." 40 C.F.R. §
18  1502.4(a).

19      36.    A NEPA document is also required to analyze the impacts of "[c]onnected actions,"
20  which is actions that are "closely related," including actions that are "interdependent parts of a larger
21  action and depend on the larger action for their justification." Id. § 1508.25(1).

22      37.    The transmission line project and the addition of the coal-fired units at the Smith
23  Plant are "connected actions" as defined by NEPA.

24      38.    Defendant has violated NEPA by failing to address in a single NEPA document the
25  impacts of the two projects.

26      39.    By failing to address these connected actions in a single NEPA document, defendant
27  violated NEPA, 42 U.S.C. §§ 4321-4370d.

28      40.    These actions were taken not in accordance with law, without observance of

COMPLAINT - PAGE 7

procedures required by law, and are arbitrary and capricious within the meaning of the APA. 5 U.S.C. § 706.

41.   Plaintiffs are entitled to their reasonable fees, costs, and expenses associated with this litigation pursuant to the Equal Access to Justice Act.

## COUNT II

### Violation of NEPA

### Failure to Adequately Disclose and Analyze Environmental Impacts

42.   Plaintiffs incorporate by reference paragraphs 1 through 33.

43.   The National Environmental Policy Act (NEPA) requires federal agencies to analyze the foreseeable environmental impacts, including direct, indirect, and cumulative impacts, of "major federal actions." 42 U.S.C. § 4332(c)(I); 40 C.F.R. 1508.7.

44.   NEPA requires the analysis and consideration of cumulative effects which result from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions. 40 C.F.R. § 1508.25(a).

45.   The transmission line project and the addition of the coal-fired units at the Smith Plant are both major federal actions as defined by NEPA.

46.   An Environmental Assessment (EA) must "provide sufficient evidence and analysis for determining whether" the project will have a significant impact on the environment. 40 C.F.R. § 1508.9(a)(1).

47.   The EA fails to adequately analyze the cumulative effects of the transmission line project when taken together with the addition of the coal-fired units at the Smith Plant.

48.   Defendant's actions as described above are arbitrary, capricious, not in accordance with law, and without observance of procedures required by law, within the meaning of the APA, 5 U.S.C. § 706.

49.   Plaintiffs are entitled to their reasonable fees, costs, and expenses associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

## COUNT III

### Violation of NEPA

COMPLAINT - PAGE 8

**Failure to Prepare an EIS**

50. Plaintiffs incorporate by reference paragraphs 1 through 33.

51. NEPA requires an Environmental Impact Statement (EIS) for any major Federal action that may significantly affect the quality of the human environment. 42 U.S.C. § 4332(2)(c); 40 C.F.R. § 1502.3.

52. Defendant violated NEPA by preparing only an Environmental Assessment for the transmission line project, and by issuing a "Finding of No Significant Impact" for the project, because the project may significantly affect the environment.

53. These actions were taken not in accordance with law, without observance of procedures required by law, and are arbitrary and capricious within the meaning of the APA. 5 U.S.C. § 706.

54. Plaintiffs are entitled to their reasonable fees, costs, and expenses associated with this litigation pursuant to the Equal Access to Justice Act.

**RELIEF REQUESTED**

Plaintiffs seek an order:

    a. declaring that defendant failed to comply with NEPA and the APA in issuing the transmission line project decision;

    b. enjoining defendant from undertaking any activities related to the transmission line project, unless and until defendant has complied with NEPA and the APA.

    c. awarding plaintiffs their reasonable attorneys fees and costs incurred in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    d. granting plaintiffs such additional relief as the Court deems just and equitable.

DATED: March 3, 2008

Matthew D. Vespa (CA Bar No. 222265)
Center for Biological Diversity
1095 Market Street, Suite 511
San Francisco, CA 94103

COMPLAINT - PAGE 9

|   |   |
|---|---|
| 1 | Telephone: (415) 436-9682 ext. 309 |
|   | Fascimile. (415) 436-9683 |
| 2 | E-mail: mvespa@biologicaldiversity.org |
| 3 |   |
|   | Marianne Dugan (Oregon State Bar # 93256) |
| 4 | *pro hac vice application pending* |
|   | 259 E. 5th Ave., Ste 200-D |
| 5 | Eugene, OR 97401 |
|   | Telephone: (541) 338-7072 |
| 6 | Fascimile: (866) 650-5213 |
|   | Email: mdugan@mdugan.com |

COMPLAINT - PAGE 10

JS 44 (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Center for Biological Diversity, Kentucky Environmental Foundation, Sierra Club

### DEFENDANTS
Rural Utilities Service

**(b) County of Residence of First Listed Plaintiff** (EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

**County of Residence of First Listed Defendant** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) Attorney's (Firm Name, Address, and Telephone Number)**
Marianne Dugan
259 E, 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072

Matthew Vespa
Ctr. for Biological Diversity
1095 Market St., Ste. 511
San Francisco, CA 94110
(415) 436-9682 x 309

**Attorneys (If Known)**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☑ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act |  | ☑ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☑ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** |  |
|  | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
|  |  |  | ☐ 463 Habeas Corpus – Alien Detainee |  |
|  |  |  | ☐ 465 Other Immigration Actions |  |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Administriave Procedures Act (APA), 5 U.S.C. 551-706

Brief description of cause:
Violation of National Environmental Policy Act (NEPA) and its implementing regulations

### VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 0
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- ☒ SAN FRANCISCO/OAKLAND
- ☐ SAN JOSE

DATE: 3/3/08
SIGNATURE OF ATTORNEY OF RECORD