1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment and Natural Resources Division
   BRIAN C. TOTH
3  Trial Attorney
   Natural Resources Section
4  Environment and Natural Resources Division
   United States Department of Justice
5  Environment & Natural Resources Division
   P.O. Box 663
6  Washington, D.C. 20044-0663
   Telephone:  (202) 305-0639
7  Facsimile:  (202) 305-0506

8  Attorneys for Defendant Rural Utilities Service

9
                 UNITED STATES DISTRICT COURT
10
               NORTHERN DISTRICT OF CALIFORNIA
11
                  SAN FRANCISCO DIVISION
12

13  CENTER FOR BIOLOGICAL DIVERSITY,        )
    KENTUCKY ENVIRONMENTAL                  )    Case No. C08-1240 EMC
14  FOUNDATION, and SIERRA CLUB,            )
                                            )
15              Plaintiffs,                 )
                                            )
16  v.                                      )
                                            )
17  RURAL UTILITIES SERVICE, a federal agency   )
    within the United States Department of Agriculture,  )
18                                          )
                Defendant.                  )
19  _____)

20
              **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**
21
22         Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendant United States Department

23  of Agriculture, Rural Utilities Service ("RUS," or "Defendant"), by and through its undersigned counsel,

24  hereby submits the following Answer to the allegations in Plaintiffs' Complaint and Request for

25  Declaratory and Injunctive Relief ("Complaint").  The paragraph numbers in this Answer correspond to

26  the paragraph numbers in Plaintiffs' Complaint.

27         1.      The allegations in paragraph 1 are Plaintiffs' characterization of their case and conclusions

28  of law, to which no response is required.

DEF.'S ANS. TO PLS.' COMPL., Civ. No. 08-1240-EMC                              1

2.    The allegations in paragraph 2 are Plaintiffs' characterization of their case and conclusions of law, to which no response is required.

3.    Defendant denies the allegations in paragraph 3.

4.    The allegations in paragraph 4 are Plaintiffs' characterization of their case and conclusions of law, to which no response is required.  Defendant denies that the East Kentucky Power Cooperative Environmental Assessment for the Proposed Smith Station CT Units 9 & 10 and the Smith-West Garrard Electric Transmission Project ("June 2007 EA") is inadequate or that Defendant violated NEPA.

5.    The allegations in paragraph 5 are Plaintiffs' characterization of the relief they seek, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief they request, or to any relief whatsoever.

6.    The allegations in paragraph 6 are conclusions of law, to which no response is required. To the extent a response is required, the allegations in paragraph 6 are denied.

7.    The allegations in paragraph 7 are conclusions of law, to which no response is required.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 8 and therefore denies the allegations therein.  The allegations in paragraph 8 are conclusions of law, to which no response is required.

9.    The allegations in paragraph 9 are conclusions of law, to which no response is required. To the extent a response is required, the allegations in paragraph 9 are denied.

10.    Whether this action is properly assigned to the San Francisco Division of this Court is a conclusion of law to which no response is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies those remaining allegations.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the allegations therein.

12.    In response to the allegations in fourth, sixth, and seventh sentences of paragraph 12, Defendant denies that the June 2007 EA was legally or scientifically insufficient or that the June 2007 EA violated NEPA.  In response to the allegations in the fifth sentence of paragraph 12, Defendant denies that the two new Smith Station combustion turbine electric generating units, two new electric switching

1   stations, or the 36-mile Smith-West Garrard 345 kV electric transmission line would degrade air quality.

2   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

3   in the remainder of paragraph 12 and therefore denies the allegations therein.

4         13.    In response to the allegations in sixth, eighth, and ninth sentences of paragraph 13,

5   Defendant denies that the June 2007 EA was legally or scientifically insufficient or that the June 2007

6   EA violated NEPA.  In response to the allegations in the seventh sentence of paragraph 13, Defendant

7   denies that the two new Smith Station combustion turbine electric generating units, two new electric

8   switching stations, or the 36-mile Smith-West Garrard 345 kV electric transmission line would degrade

9   air quality. Defendant is without knowledge or information sufficient to form a belief as to the truth of

10  the allegations in the remainder of paragraph 13 and therefore denies the allegations therein.

11        14.    Defendant admits the allegations in paragraph 14.

12        15.    Defendant admits the allegations in paragraph 15.

13        16.    In response to the allegations in paragraph 16, Defendant admits that in June 2007

14  Defendant invited comments on the June 2007 EA.  The remainder of the allegations in paragraph 16 are

15  Plaintiffs' characterization of the June 2007 EA, which speaks for itself and is the best evidence of its

16  contents.

17        17.    Defendant admits the allegations in paragraph 17.

18        18.    Defendant admits the allegations in paragraph 18.

19        19.    Defendant admits the allegations in paragraph 19 except for the characterization that

20  Defendant "proposed assisting" East Kentucky Power Cooperative ("East Kentucky"), which Defendant

21  denies.  In response to an application by East Kentucky for proposed financing, Defendant is considering

22  whether to provide financial assistance in the form of loans or loan guarantees for the activities that were

23  the subject of the June 2007 EA and a finding of no significant impact issued on September 19, 2007

24  ("September 2007 FONSI").

25        20.    Defendant admits the allegations in paragraph 20.

26        21.    The allegations in paragraph 21 are Plaintiffs' characterization of the June 2007 EA and

27  a separate environmental impact statement ("EIS"), which speak for themselves and are the best evidence

28  of their contents.

DEF.'S ANS. TO PLS.' COMPL., Civ. No. 08-1240-EMC               3

1   22.    The allegations in paragraph 22 are Plaintiffs' characterization of the June 2007 EA, which

2   speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendant

3   denies the allegations in paragraph 22.

4   23.    The allegations in paragraph 23 are Plaintiffs' characterization of Eastern Kentucky Power

5   Cooperative's May 17, 2006 System Impact Study for the Generation Interconnection Requests #30-33,

6   J.K. Smith Combustion Turbines #8-12 and CFS Unit #1 Project in Clark County, Kentucky ("System

7   Impact Study"), which speaks for itself and is the best evidence of its contents.

8   24.    The allegations in paragraph 23 are Plaintiffs' characterization of the System Impact

9   Study, which speaks for itself and is the best evidence of its contents.

10   25.    Defendant denies the allegations in paragraph 25, except insofar as Defendant admits that

11   as of June 26, 2007, the construction of the proposed two combustion turbine electric generating units,

12   two switching stations, and transmission line was tentatively scheduled to begin in the fall of 2007, with

13   an estimated duration of construction of two years.  Defendant states that the construction schedule has

14   since been moved back.

15   26.    Defendant admits the allegations in paragraph 26.

16   27.    In response to the allegations in paragraph 27, Defendant admits that on September 19,

17   2007, RUS issued a notice of FONSI for the request for financing assistance to East Kentucky for the

18   construction of two new Smith Station combustion turbine electric generating units, two new electric

19   switching stations, and a 36-mile Smith-West Garrard 345 kV electric transmission line located in Clark,

20   Madison, and Garrard Counties, Kentucky.  The remaining allegations in paragraph 27 are Plaintiffs'

21   characterization of the September 2007 FONSI, which speaks for itself and is the best evidence of its

22   contents.

23   28.    Defendant admits the allegations in paragraph 28.

24   29.    Defendant admits the allegations in paragraph 29.

25   30.    Defendant admits the allegations in paragraph 30.

26   31.    Defendant denies the allegations in paragraph 31 except insofar as Defendant admits that

27   electricity generated by the new coal-fired generating unit would be transmitted along the transmission

28   line project considered by the EA.

1    32.    Defendant denies the allegations in paragraph 32.

2    33.    Defendant admits the allegations in paragraph 33 except that Defendant denies that

3  currently there are multiple coal-fired generating units proposed for the Smith Plant expansion.

4    34.    Defendant incorporates by references its responses to paragraphs 1 through 33.

5    35-41.    The allegations in paragraphs 35 through 41 are conclusions of law to which no

6  response is required.  To the extent a response is required, Defendant denies that Defendant violated

7  NEPA or the APA, or that Plaintiffs are entitled to attorneys' fees.

8    42.    Defendant incorporates by references its responses to paragraphs 1 through 33.

9    43-49.    The allegations in paragraphs 43 through 49 are conclusions of law to which no

10  response is required.  To the extent a response is required, Defendant denies that Defendant violated

11  NEPA or the APA, or that Plaintiffs are entitled to attorneys' fees.

12    50.    Defendant incorporates by references its responses to paragraphs 1 through 33.

13    51-54.    The allegations in paragraphs 51 through 54 are conclusions of law to which no

14  response is required.  To the extent a response is required, Defendant denies that Defendant violated

15  NEPA or the APA, or that Plaintiffs are entitled to attorneys' fees.

16    The remaining allegations on page 9 of Plaintiffs' Complaint, which come under the heading of

17  "RELIEF REQUESTED," are Plaintiffs' characterization of the relief they seek, to which no response

18  is required.  To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief

19  they request, or to any relief whatsoever.

20    WHEREFORE, Defendant denies each and every allegation in Plaintiffs' Complaint to which

21  Defendant has not already responded.  Defendant requests that the Court deny Plaintiffs the relief they

22  request, dismiss Plaintiffs' Complaint with prejudice, and enter judgment for Defendant.

23

24  Dated:  May 2, 2008                    Respectfully submitted,

25                                RONALD J. TENPAS
                                 Assistant Attorney General
26                                Environment and Natural Resources Division

27                                 /s/ Brian C. Toth
                                 BRIAN C. TOTH
28                                Trial Attorney

DEF.'S ANS. TO PLS.' COMPL., Civ. No. 08-1240-EMC                    5

Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Telephone:  (202) 305-0639
Facsimile:   (202) 305-0506

*Of counsel*:

HELEN HARRIS
Attorney
Rural Utilities Division
Office of General Counsel
United States Department of Agriculture

Attorneys for Defendant Rural Utilities Service

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on May 2, 2008, I electronically filed the foregoing DEFENDANT'S ANSWER

3  TO PLAINTIFFS' COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send

4  notification of such filing to the following:

5           Marianne G Dugan
            mdugan@mdugan.com,mariannedugan@yahoo.com
6
            Matthew D. Vespa
7           mvespa@biologicaldiversity.org

8  Dated: May 2, 2008                              /s/ Brian C. Toth
9                                                 BRIAN C. TOTH
                                                  Attorney for Defendant Rural Utilities Service
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28