Marianne Dugan (Oregon State Bar # 93256), *pro hac vice*
259 E. 5th Ave., Ste 200-D
Eugene, OR 97401
Telephone: (541) 338-7072
Fascimile: (866) 650-5213
Email: mdugan@mdugan.com

Matthew D. Vespa (CA Bar. No. 222265)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 ext. 309
Fascimile. 415-436-9683
E-mail: mvespa@biologicaldiversity.org

Attorneys for Plaintiffs Center for Biological Diversity, Kentucky Environmental Foundation, and Sierra Club

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RURAL UTILITIES SERVICE, a federal agency within the United States Department of Agriculture,<br><br>　　　　Defendant. | Case No. 08-1240-EMC<br><br>PLAINTIFFS' RESPONSE TO MOTION TO TRANSFER VENUE<br><br>Hearing Date: June 27, 2008<br>Hearing Time: 9:00 a.m.<br>Honorable Maxine Chesney<br>Courtroom No. 7 |

**INTRODUCTION**

Plaintiffs oppose the federal defendant's motion to transfer this case to the District of Columbia or Kentucky. Defendant has failed to meet its burden of making a "strong showing" that transfer is warranted. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834,

Page 1 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1  843 (9th Cir. 1985).  The convenience of witnesses and parties and the interests of justice favor

2  the right of plaintiffs to remain in a District that is home to two of the plaintiffs.

3      The defendant entirely ignores the case law in this circuit and others that makes the

4  plaintiffs' choice of forum the <u>most important</u> of the factors to weigh in considering a motion to

5  transfer.  Courts show increased deference to a plaintiffs' choice of forum when, as here, the

6  plaintiffs reside and do business in that forum.  The Center for Biological Diversity has an office

7  in San Francisco, and San Francisco has been the Sierra Club's headquarters for more than a

8  century.  CBD attorneys and staff, and Sierra Club's Environmental Law Program reside here.

9  One of plaintiffs' two counsel on this case is in San Francisco and lead counsel is in Eugene,

10 Oregon, a short airplane flight from San Francisco but across the country from both Washington,

11 D.C., and Kentucky.

12     The government offers little to show that it would be seriously inconvenienced by

13 litigating this case here.  The statutory grant of nationwide venue against federal officials (28

14 U.S.C. § 1391(e)) reflects the government's ability to litigate nationwide and embodies the

15 plaintiffs' right to obtain judicial review in its home forum of misconduct by federal officials.

16 The fact that the government defendant is headquartered in Washington does not outweigh the

17 plaintiffs' right to have the case remain here.

18     Given the Sierra Club's and CBD's strong ties to this forum, defendant's failure to present

19 compelling evidence that it would be significantly inconvenienced by litigating here, and the

20 prejudice that would result if the case were transferred, the defendant's motion should be denied.

21 **I.    THE LAW REQUIRES A "STRONG" AND "PARTICULARIZED" SHOWING
        OF INCONVENIENCE TO WARRANT TRANSFER**
22
23     Under 28 U.S.C. § 1404(a) a district court <u>may</u> transfer a suit to another district where

   the suit could have been brought, "for the convenience of parties and witnesses, [and] in the
24

Page 2 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

interest of justice." The burden is on the defendant to show that transfer is appropriate. Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).

Under 28 U.S.C. § 1404(a), a plaintiff's selection of forum is given substantial weight. STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947) (emph. added). A "strong showing of inconvenience" necessary to warrant upsetting the plaintiffs' choice of forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1985). See also Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Although the discretion to transfer an action remains wholly within the authority of the district court, this "power to decline jurisdiction" should only be utilized in "exceptional circumstances." Gulf Oil Corp., 330 U.S. at 504. See, e.g., Shutte v. Armco Steel Corp., Inc., 431 F.2d 22, 25 (3rd Cir. 1970) ("plaintiff's choice of forum is a paramount consideration"), cert. denied, 401 U.S. 910 (1971).

The very purpose of § 1404(a) requires "transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964) (emph. added). Therefore, a transfer which merely shifts the inconvenience is inappropriate. Teknekron Software Systems, Inc. v. Cornell University, 1993 WL 215024 (N.D. Cal. 1993); Harris Trust & Savings Bank v. SLT Warehouse, Co., Inc., 605 F. Supp. 225, 227 (N.D. Ill. 1985).[1]

---

[1] Intervenor states that it "joins" in the motion to transfer venue. But generally, an intervenor is prohibited from asserting challenges based on venue. See Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1918, at 485 (2d ed. 1986) ("The intervenor cannot question venue. By voluntarily bringing himself into the action, he has waived his privilege not to be required to engage in litigation in that forum"); Trans World Airlines, Inc. v. Civil Aeronautics Board, 339 F.2d 56, 64 (2d Cir. 1964) ("a person intervening on either side of the

Page 3 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1     While plaintiffs concede that this action <u>could</u> have been brought in Washington, D.C., or

2 Kentucky, the determination that those Districts meet subject matter jurisdiction, personal

3 jurisdiction, and venue requirements does not dispose of defendant's burden to establish that the

4 interests of justice and the convenience of witnesses and parties <u>strongly</u> warrant transfer.

5 Defendant has not met this burden and this case therefore does not present the "extraordinary

6 circumstances" which would warrant transfer.  <u>Gulf Oil Corp.</u>, 330 U.S. at 504.

7     Factors to be considered in determining whether to transfer a case include deference to

8 the plaintiffs' traditional privilege of choosing the forum, the convenience of the parties, the

9 convenience of the witnesses, the location of counsel, the location of records, the speed with

10 which the relevant courts may resolve the underlying civil case, and other practical

11 considerations of conducting a trial, as well as the interests of justice.  <u>Nichols v. United States</u>

12 <u>Bureau of Prisons</u>, 895 F. Supp. 6, 8 (D.D.C. 1995); <u>Chung v. Chrysler Corp.</u>, 903 F. Supp. 160,

13 163-64 (D.D.C. 1995).

14     A court's decision to transfer pursuant to 28 U.S.C. § 1404(a) "must be based on the

15 particular facts and circumstances of a case, and a defendant wishing to upset plaintiff's choice of

16 forum must demonstrate a need for transfer with particularity."  <u>Ross v. United States</u>, 641 F.

17 Supp. 368, 377 (D. D.C. 1986).  The burden is on the party moving to transfer venue of an action

18 to show that "the balance of convenience of the parties and witnesses and the interest of justice

19 are in its favor."  <u>Chung v. Chrysler Corp.</u>, 903 F. Supp. 160, 164 (D. D.C. 1995).  Proposed

20 Intervenor has simply not met this burden.

21     Nor does defendant's suggestion that plaintiffs may be "forum-shopping" have merit.  <u>See</u>

22

---

23 controversy may not object to improper venue").  "An intervenor generally is held to have
waived his privilege to change the venue of a suit." <u>Consumers Union of the United States, Inc.</u>
24 <u>v. Consumer Prod. Safety Comm'n</u>, 590 F.2d 1209, 1222 n. 65 (D.C. Cir. 1978).

Page 4 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1 Def's Br. at 6, 8. Plaintiffs are allowed to choose their forum. See, e.g., Fine v. McGuire, 433
2 F.2d 499, 501 (D.C. Cir. 1970). Even in cases involving questions of controlling law, the
3 Supreme Court has acknowledged the weight accorded plaintiff's selection: "[Section] 1404(a)
4 was not designed to narrow the plaintiff's venue privilege." Van Dusen, 376 U.S. at 635. In
5 discussing so-called "forum-shopping," the Supreme Court has held that regardless of § 1404(a)
6 a plaintiff has the "option of shopping for a forum with the most favorable law." Ferens v. John
7 Deere Co., 494 U.S. 516, 527 (1990).

**II.    PLAINTIFFS HAVE STRONG CONNECTIONS TO SAN FRANCISCO AND SEVERAL FACTORS MAKE IT CONVENIENT AND APPROPRIATE TO KEEP THE CASE HERE**

10 Defendant argues that two of the plaintiff organizations have offices in Washington, D.C.
11 That does not assist plaintiffs in any way. As discussed *infra*, the CBD and Sierra Club staff
12 doing the research and litigation support for this lawsuit are located in San Francisco, and one of
13 the two counsel for plaintiffs is located in San Francisco.[2]

**A.    Center for Biological Diversity and Its Counsel Are Located in San Francisco**

15 The Center for Biological Diversity (the Center) has an office in San Francisco, and one
16 of the two counsel for plaintiffs is located in that office. See Vespa Decl. The Center is a
17 501(c)(3) non-profit corporation with over 40,000 members. More of its members are in
18 California than in any other state. The largest concentration of the Center's members in
19 California is in the Bay Area. Vespa Decl ¶ 3.
20 The Center was incorporated as a New Mexico corporation in 1993. In 1995 the Center
21 moved its main office to Tucson, Arizona. In 1998 the Center opened an office in Berkeley,

---

[2] Only one plaintiff need establish residency in the District for purposes of 28 U.S.C. 1391(e). Ry. Labor Executives' Association v. ICC, 958 F.2d 252, 256 (9th Cir.1991). Here, two of the three reside in the District.

Page 5 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1  California. The Center has had a Bay Area office continuously since that time. CBD's Bay Area
2  office is currently in San Francisco and, after Tucson, is its largest office. Id. ¶ 4.
3    The Center's Climate Program has five positions. The majority of positions in the
4  Climate Program, including the legal counsel on this case, are located in CBD's San Francisco
5  office. Id. ¶ 5. The San Francisco office serves as the hub for all of the Center's climate-related
6  activities with most court filings and comment submittals handled out of this office. A primary
7  focus of the Climate Program is to curb global warming pollution. Because the current litigation
8  involves the potential expansion of a coal-fired power plant, it falls squarely within the scope of
9  the Center's climate-related work. Id. ¶ 6. While the Center's efforts to protect biodiversity from
10 the impacts of global warming are national in scope, all of these activities are based out of
11 California, either directly or indirectly through its San Francisco office.
12   A factor in its decision to litigate and serve as co-counsel in this case was the fact that
13 venue for such a case is appropriate in the Northern District of California, making attending
14 court hearings, meeting with its co-plaintiffs, and carrying out other activities associated with the
15 case logistically relatively easy and convenient, not just for its attorneys but also for its staff and
16 members. Transferring venue to either Kentucky or the District of Columbia would render such
17 efforts more difficult, making it less likely that Center members and staff, including attorney
18 Vespa, could actively participate in the process. Id. ¶ 7.

19   **B.  The Sierra Club and Its Counsel Are Located in San Francisco**

20   The Sierra Club has resided and had its headquarters in San Francisco continuously since
21 it was first incorporated 110 years ago by John Muir and other prominent San Francisco civic
22 leaders. The Sierra Club's Executive Director, Chief Operating Officer, Chief Financial Officer,
23 Associate Executive Director for Conservation, other key officials, and the majority of its
24 environmental litigators are located in San Francisco. Isherwood Decl ¶ 2.

Page 6 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

**C.   Plaintiffs' Other Counsel's Office is Much More Convenient to San Francisco Than to Either Washington, D.C., or Kentucky**

Plaintiffs' other counsel is located in Eugene, Oregon, a much costlier and lengthier flight away from D.C. than from San Francisco. Dugan Decl. ¶ 2. There are now daily direct flights from Eugene to San Francisco, taking an hour and a half; whereas travel to D.C. from Eugene generally requires three airplanes, twice the airfare, and four times the travel time. Id. After than the initial filing fee, travel to oral argument is often the most expensive case cost for plaintiffs in APA cases. Id. ¶ 3.

**D.   Transfer of Venue Would Be a Hardship on Plaintiffs**

To double the cost of travel to oral argument, quadruple plaintiff's counsel's travel time, and move venue across the country from the location where plaintiffs' two attorneys and the relevant staff of two of the three plaintiffs are located, outweighs any "convenience" to defendant. Given that plaintiffs are non-profit conservation organizations and individuals with limited resources, the added financial burden on them of retaining a local attorney in Washington, D.C., or Kentucky, and sending their attorneys to litigate there, counsels against transfer. See Ashmore v. Northeast Petroleum Div. of Cargill, Inc., 925 F. Supp. 36, 39 (D. Me. 1996) ("relative financial strength of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis"). See also Lappe v. American Honda Motor Co., Inc., 857 F. Supp. 222, 230 (N.D.N.Y. 1994).

**III.   ACCESS TO DOCUMENTS DOES NOT WARRANT TRANSFER**

Defendant cites "ease of access to documents" as a reason to transfer venue to Washington, D.C. Def's Br. at 9. But all filing in this court is now electronic, and the administrative record is generally provided now in CD-ROM format; thus, any discussion of the location of "documents" is irrelevant. Declaration of Dugan ¶ 4. The fact that a substantial

Page 7 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1  portion of the record may be located in Washington, D.C., should be of little consequence in

2  deciding this transfer motion. As one court explained in a case involving a massive record, even

3  <u>prior</u> to the reliance on electronic records and court filings:

4  > No matter where the litigation proceeds, these materials will have to be photocopied and shipped to [plaintiffs'] lawyers who live and work in the District area . . . . Once the material is photocopied, boxed, and sent to the District, <u>it would not be a substantially greater hardship to send an additional copy of these documents to the courthouse</u>.

<u>Air Line Pilots Ass'n v. Eastern Air Lines</u>, 672 F. Supp. 525, 527 (D. D.C. 1987) (emph. added).

Thus, no matter where the administrative record is located, there is no reason to believe that defendant would face any difficulties making a copy for the Court here and shipping it to the court.

### IV.   "CONVENIENCE OF WITNESSES" DOES NOT WARRANT TRANSFER

Defendant also cites "convenience of the witnesses" as a reason to transfer venue. Def's Br. at 9. But defendant then goes on to acknowledge that "convenience of witnesses 'has less relevance because this case involves judicial review of an administrative decision." <u>Id</u>. And, should declarations of RUS "witnesses" be required, those are now done in electronic format and physical location should be irrelevant.

In general, a defendant seeking transfer due to convenience of witnesses must present the court with affidavits or declarations identifying key witnesses and a generalized statement of their anticipated testimony. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir.1979); <u>E & J Gallo Winery v. F. & P. S.p.A.</u>, 899 F. Supp. 465, 466 (E.D. Cal.1994); Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial § 4:301 at 4-59 (1998) [hereinafter "Schwarzer § __"]. Defendant has not done so.

### V.   THE LOCATION OF THE LAND AT ISSUE DOES NOT WARRANT TRANSFER

Defendant cites <u>Trout Unlimited v. U.S. Department of Agriculture</u>, 944 F. Supp. 13 (D.

Page 8 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1  D.C. 1996), for the proposition that a case involving property outside this district should be

2  transferred to the district where the property and officials are located. Def's Br. at 8-9. But

3  <u>Trout Unlimited</u> is distinguishable on at least two grounds. First, the Court transferred the

4  controversy in <u>Trout Unlimited</u> to Colorado district court in part because the dispute involved

5  the "interpretation of state law." 944 F. Supp. at 19. Here, the case does not involve state law,

6  and a Kentucky district court judge therefore has no qualifications that a San Francisco judge

7  lacks.

8  Second, in <u>Trout Unlimited</u> plaintiffs had <u>counsel</u> in Colorado and offered no facts

9  suggesting that they would be inconvenienced by a transfer there. <u>Id.</u> at 18. In this case,

10  Plaintiffs' counsel are in Eugene, Oregon, and San Francisco, and transfer would therefore

11  impose a substantial inconvenience.

12  The issues before the court primarily have to do with the proper application of <u>national</u>

13  federal laws to a written decision and environmental analysis, not on nuances of local or state

14  law. Jurisdiction and venue are appropriate in this District and are not outweighed by any

15  connections to the land's locale.

16  **CONCLUSION**

17  Based on this brief and the declarations accompanying this brief, plaintiffs respectfully

18  request that the Court reject defendant's motion to transfer venue.

19  DATED: June 6, 2008.    /s/ Marianne Dugan
                            Marianne Dugan, *pro hac vice*
20                          259 E. 5th Ave., Ste 200-D
                            Eugene, OR 97401
21                          Telephone: (541) 338-7072
                            Fax: (866) 650-5213
22                          Email: mdugan@mdugan.com

23                          Matthew D. Vespa (CA Bar. No. 222265)
                            Center for Biological Diversity
24                          351 California Street, Suite 600

Page 9 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE

1
2   San Francisco, CA 94104
    Telephone: (415) 436-9682 ext. 309
    Fax. 415-436-9683
3   E-mail: mvespa@biologicaldiversity.org

    Attorneys for plaintiffs

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

Page 10 - PLAINTIFFS' RESPONSE TO MOTION TO CHANGE VENUE