RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
RACHEL A. DOUGAN
JULIE S. THROWER
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 616-5082 (Dougan)
Telephone: (202) 305-0247 (Thrower)
Facsimile: (202) 305-0506

Attorneys for Defendant Rural Utilities Service

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> RURAL UTILITIES SERVICE, a federal agency within the United States Department of Agriculture, <br><br> Defendant. | Civ. No. 08-cv-1240-MMC <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE** <br><br> Date:   June 27, 2008 <br> Time:   9:00 a.m. <br> Honorable Maxine M. Chesney <br> Courtroom No. 7 |

**I.    INTRODUCTION**

Plaintiffs concede that this action could have been brought either in the District of Columbia or the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391(e), which provides that suits against agencies of the United States may be properly brought in any judicial district where either a plaintiff or defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred. Pls.' Resp. at 4. Plaintiffs argue, however, that their choice of forum should not be disturbed because Defendant has not presented "compelling evidence" of inconvenience and prejudice of litigating in the original forum. Pls.' Resp. at 2.

Ninth Circuit caselaw requires that a plaintiff's choice of forum be considered along with the convenience of the parties and witnesses and the interest of justice when determining whether a case should remain or be transferred to another forum. Securities Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). Generally, a defendant must make a "strong showing" that transfer is warranted to disturb a plaintiff's choice of forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1985).

However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled to only minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968); Shalaby v. Newell Rubbermaid, Inc., 2007 WL 3144357, at *6 (N.D. Cal. Oct. 24, 2007) (holding that a plaintiff's choice of forum is given less weight when it is not the place where the operative facts or action giving rise to the case occurred). Even where the plaintiff resides in the original forum, a plaintiff's choice of forum is entitled only to limited consideration when the action occurred elsewhere and another forum will better serve the interest of justice. Teknekron Software Sys., Inc. v. Cornell Univ., 1993 WL 215024, at *7 (N.D. Cal. Jun. 14, 1993) (granting motion to transfer venue in a patent infringement case to the district where the products were designed and the infringing conduct occurred despite the fact that the plaintiff resided in the original forum).

Particularly in environmental cases that are typically resolved by review of the administrative record, issues of convenience to the parties and witnesses are less relevant, and the interest of "having localized controversies decided at home" takes on additional importance in determining whether a court should grant a motion to transfer venue. Ctr. for Biological Diversity & Pac. Env't v. Kempthorne, 2007 WL 2023515, at *5 (N.D. Cal. Jul. 12, 2007); Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003) (holding that factors involving the convenience of the parties and witness is subordinate to the question of which forum will better serve the interest of justice).

In this case, the factors that serve the interest of justice strongly favor transfer to either the District of the District of Columbia or to the Eastern District of Kentucky. The Northern District of California's connection to the controversy is attenuated because there is no particular interest in

either the parties or the subject matter. However, the interest of justice is substantially better served by transfer of the case to the District of Columbia, where the operative facts giving rise to the case occurred, or the Eastern District of Kentucky, where the decision relates to projects that will occur in eastern Kentucky, will directly impact the electrical service to Kentucky consumers, and where there is a local interest in the resolution of the case.

## II. ARGUMENT

### A. Plaintiffs Inconvenience and Choice of Forum Arguments Lacks Merit.

The only justification that Plaintiffs proffer for this case to remain in the Northern District of California is that two of the three plaintiffs, who are <u>national</u> organizations, have offices in San Francisco where a majority of their attorneys and staff are located, and a majority of their members are located in California. Pls.' Resp. at 5-7. Plaintiffs Center for Biological Diversity and the Sierra Club contend that because most of its counsel and staff, and most of its members are located in California, that inconvenience and the hardship of travel cost and time to a more distant forum warrant denial of Defendant's motion to transfer venue. <u>Id.</u> Plaintiffs argument lacks merit and does not favor granting transfer.

First, the Center for Biological Diversity ("Center") claims that transferring venue to the Easter District of Kentucky or the District of Columbia would "mak[e] it less likely that Center members and staff . . . could actively participate in the process." Pls.' Resp. at 6. The Plaintiffs' response brief makes no mention, however, of the 280 Center members who reside in Kentucky, Pls.' Compl. ¶ 11, or the over 5000 Sierra Club members that are members of the Cumberland chapter who "use, own and recreate on lands likely to be affected by the challenged project." <u>Id.</u> Plaintiffs' response brief also makes no mention that one of the plaintiffs, Kentucky Environmental Foundation ("KEF") has its sole office in Berea, Kentucky. Pls.' Compl. ¶ 12. Additionally, all of KEF's staff and members reside in Kentucky, including the counties in or around which the projects are proposed. <u>Id.</u> These members presumably have a stronger interest than California members in being able to follow the litigation as it proceeds and participate in the process. Both the District of Columbia and the Eastern District of Kentucky are closer to Kentucky, and therefore, a more convenient forum for those staff and members who have a stronger interest in and could be directly

impacted by the controversy.

Furthermore, Plaintiffs' contention that transferring venue would cause a hardship for Plaintiffs counsel and staff is called into question by the fact that Sierra Club has previously filed two lawsuits against the Rural Utilities Service in the District of Columbia. See Def.'s Mtn., Toth Decl., Attachs. A, B; see Nat'l Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 48 (D.D.C. 2006) (Plaintiffs' claims that, as a non-profit organization with limited resources, they will be inconvenienced by having to litigate [in another forum], are called into doubt by the fact that they are presently litigating other matters in [that forum]."). The facts offered by Plaintiffs simply do not support their claims of inconvenience and hardship of litigating the case in either the Eastern District of Kentucky or the District of Columbia. The Northern District of California has no meaningful ties to the parties, the controversy, or the projects. This Court should give little weight to Plaintiffs' claim and grant Defendant's motion to transfer venue.

### B. Interest of Justice Strongly Favors Transfer of Venue to Either District of Columbia or the Eastern District of Kentucky.

The interest of justice will be best served by transferring this case to either the District of Columbia or to Eastern District of Kentucky because the operative facts and actions that gave rise to this lawsuit all occurred in the District of Columbia, or because the subject of the decision relates to projects that are proposed to occur in Eastern Kentucky.

As stated in Defendants' memorandum in support of motion to transfer venue, all actions giving rise to this lawsuit occurred in the District of Columbia – the decision was made in Defendant's offices in the District of Columbia, see Def.'s Mot., Newby Decl. ¶ 10; all Defendant's staff are located in the District of Columbia, see id. at ¶ 10, 12; and Defendant has little if any ties to California, see id. at ¶ 4, 7, 8. These factors strongly weigh in favor of transfer to the District of Columbia.

Additionally, several factors strongly support transfer to the Eastern District of Kentucky. The subject of Defendant's decision, to finance the East Kentucky Power Cooperative, relate to the construction of transmission lines that would be constructed in Clark, Madison, and Gerrard counties, Kentucky. See Pls.' Compl. ¶ 3. Residents of Kentucky, not California, participated in

scoping meetings and open public meetings in Kentucky, and have participated directly in the process since the beginning. See 72 Fed. Reg. at 53526. Allowing this case to proceed in the Northern District of California would deny them the ability to continue to observe and participate directly in the process. Further, because the proposed projects will occur in Kentucky, resolution of this case primarily affects the residents of Kentucky and their electric service and rates, not California. These factors all strongly support transfer to the Eastern District of Kentucky.

### III.   CONCLUSION

Based on the foregoing reasons, the Court should grant Defendant's motion to transfer venue to the United States District Court for the District of Columbia, or the Eastern District of Kentucky.

Dated: June 13, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

         /s/ Julie S. Thrower
JULIE S. THROWER
RACHEL A. DOUGAN
Trial Attorneys
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 616-5082 (Dougan)
Telephone: (202) 305-0247 (Thrower)
Facsimile: (202) 305-0506

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2008, I electronically filed the foregoing Defendant's Reply in Support of Motion to Transfer Venue with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

>Marianne G. Dugan
>mdugan@mdugan.com; marriannedugan@yahoo.com
>
>Matthew D. Vespa
>mvespa@biologicaldiversity.org

Dated: June 13, 2008                             */s/ Julie S. Thrower*
                                                 JULIE S. THROWER
                                                 Attorney for Defendant Rural Utilities Service