Marianne Dugan (Oregon State Bar # 93256), *pro hac vice*
259 E. 5th Ave., Ste 200-D
Eugene, OR 97401
Telephone: (541) 338-7072
Fascimile: (866) 650-5213
Email: mdugan@mdugan.com

Matthew D. Vespa (CA Bar. No. 222265)
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 ext. 309
Fascimile. 415-436-9683
E-mail: mvespa@biologicaldiversity.org

Attorneys for Plaintiffs Center for Biological Diversity, Kentucky Environmental Foundation, and Sierra Club

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB, <br><br> Plaintiffs, <br><br> v. <br><br> RURAL UTILITIES SERVICE, a federal agency within the United States Department of Agriculture, <br><br> Defendant. | Case No. 08-1240-MMC <br><br> PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE |

Plaintiffs hereby respond to and oppose (in part) East Kentucky Power Cooperative, Inc.'s (EKPC's) motion to intervene.

The Ninth Circuit has stated that private parties, because they are not bound by NEPA,

Page 1 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1  have no right to intervene in the merits phase of a NEPA lawsuit; and may intervene in the

2  remedy phase only when they have sufficient particularized vested rights affected by the

3  proposal at issue.  EKPC cannot be an appropriate party on the merits of the case; and has not

4  met the standard for intervening in the remedies phase.

5  If the court does find that EKPC has an interest sufficient to allow intervention, it should

6  follow the rulings of the Ninth Circuit and limit its intervention to the remedies phase of this

7  lawsuit, and impose other limits, as set forth at the end of this brief.

8  **I.    THE PROPOSED INTERVENOR DOES NOT MEET THE TEST FOR FULL INTERVENTION**

9

10  "The burden is on [the intervenors] to demonstrate that the conditions for intervention

11  . . . [are] satisfied."  Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n.5 (9th

12  Cir. 1981), cert. denied, 454 U.S. 1098 (1981).  The National Environmental Policy Act (NEPA)

13  imposes duties only upon the federal government, and "[i]n a suit such as this, brought to require

14  compliance with federal statutes regulating government projects, the governmental bodies

15  charged with compliance can be the only defendants."  Portland Audubon Society v. Hodel, 866

16  F.2d 302, 309 (9th Cir. 1989), cert. denied, 492 U.S. 911 (1989) (hereinafter PAS).  Thus, the

17  only real party in interest as to the NEPA merits in this case is the government agency, RUS.  In

18  addition, EKPC's interests are adequately represented by the government.  Plaintiffs request that

19  the Court deny the motion to intervene or in the alternative limit the participation of EKPC, as

20  further explained below.

21  **A.    EKPC Has No Right to Intervene Because the Sole Issue Is Whether RUS Complied with Procedural Duties under Federal Environmental Laws**

22  The subject of this action is RUS's decision to approve EKPC's request for "possible

23

24  Page 2 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

1  financing assistance" for "the construction of two new J.K. Smith Station combustion turbine

2  electric generating units (CTs), two new electric switching stations, and the 36-mile, Smith-West

3  Garrard 345 kilovolt (kV) electric transmission line located in Clark, Madison, and Garrard

4  Counties, Kentucky" ("the transmission line project").  Plaintiffs allege that RUS's decision

5  violates the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq., and the

6  Administrative Procedure Act (APA), 5 U.S.C. § 706.  Neither of these statutes imposes any

7  duties upon EKPC, and neither statute creates any special rights on its behalf.

8         The rule is well established in this circuit and elsewhere that the prospect of benefit to

9  private parties does not support intervention in citizens' suits seeking to compel agency

10  compliance with federal environmental statutes.  See PAS, 866 F.2d at 308-09.  Unlike the test

11  for standing, in deciding a motion to intervene the Ninth Circuit does not look to the "zone of

12  interests" of the statute at issue, but rather to whether the proposed intervenor has a legally

13  protectable interest.  Sierra Club v. U.S.E.P.A., 995 F.2d 1478, 1484 (9th Cir. 1993)

14  (harmonizing previous opinions).

15         The Ninth Circuit has consistently held that under Rule 24(a), "private parties do not

16  have a 'significant interest' in NEPA compliance actions."  Kootenai Tribe of Idaho v. Veneman,

17  313 F.3d 1094, 1108 (9th Cir. 2002).  "The rationale for our rule is that, because NEPA requires

18  action only by the government, only the government can be liable under NEPA.  Because a

19  private party can not violate NEPA, it can not be a defendant in a NEPA compliance action."

20  Wetlands Action Network v. United States Army Corps of Engineers, 222 F.3d 1105, 1113-14

21  (9th Cir. 2000).  In so holding, the Ninth Circuit has adopted reasoning from at least two other

22  circuits.

23

24

Page 3 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1   In PAS, the court noted that it was adopting the Seventh Circuit's reasoning in Wade v.

2   Goldschmidt, 673 F.2d 182, 184-85 (7th Cir. 1982), a case closely on point with the instant case.

3   866 F.2d at 309.  In Wade, one of the proposed intervenors was a corporation involved in

4   construction of the bridge project at issue, and thus was in a similar situation to EKPC in the

5   instant case.  The court noted:

6   > [T]he only focus that the ongoing litigation . . . can have is whether the governmental bodies charged with compliance, defendants, have satisfied the federal statutory
7   > procedural requirements in making the administrative decisions . . . .  In a suit such as this, brought to require compliance with federal statutes regulating governmental
8   > projects, the governmental bodies charged with compliance can be the only defendants. As to the determination involved in this suit, all other entities have no right to intervene
9   > as defendants.

10  Id.  See also United States v. South Florida Water Management District, 922 F.2d 704, 710-11

11  (11th Cir. 1991) (denying intervention to agricultural organizations in a suit challenging the

12  defendant's operation of water control structures without permits because the farmers' economic

13  interests were not protectable by the substantive law requiring the permits).

14   Adopting this reasoning, in PAS, the Ninth Circuit held that logging groups had no right

15  to intervene with respect to the NEPA claim in a case seeking to enjoin harvesting in old-growth

16  forests because only "the governmental bodies charged with compliance can be the . . .

17  defendants."  866 F.2d at 309 (9th Cir. 1989).  The timber association was not allowed to

18  intervene because "the loggers . . . had an interest in securing timber, but no existing legal right

19  to it."  Id.

20   EKPC makes dire predictions about the economic impact to its company if the

21  government loses this lawsuit.  But "in a NEPA case, someone who will be economically worse

22  off if an environmental impact statement precedes a major government action nevertheless has

23

24

Page 4 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1 no interest protected by law in defending against issuance of an environmental impact

2 statement." Sierra Club v. U. S. E.P.A. 995 F.2d 1478, 1485 (9th Cir. 1993) (distinguishing

3 Clean Water Act cases from NEPA cases).  This is because "NEPA does not regulate the conduct

4 of private parties or state or local governments." Id.

5      Private parties may have a "significantly protectable" interest only in the remedial phase

6 of a NEPA case.  In Forest Conservation Council v. U. S. Forest Service ("FCC"), the State of

7 Arizona and Apache County were found to have "protectable" interests in the injunctive phase of

8 a NEPA action.  66 F.3d 1489, 1494 (9th Cir. 1995).  See also Churchill County v. Babbitt, 150

9 F.3d 1072, 1083 (9th Cir. 1998), as amended by 158 F.3d 491 (9th Cir.1998) (Sierra Pacific

10 permitted to intervene in remedial phase of NEPA suit but court reiterated that the interests

11 asserted by the appellant "suffice only to grant them intervention in the remedial phase" for the

12 "[a]ppellant does not have a 'significantly protectable' interest in federal government compliance

13 or noncompliance with NEPA.").

14      EKPC cannot satisfy this first part of the "intervention of right" test.  EKPC does not

15 have a "significantly protectable" interest in NEPA compliance.  EKPC argues its "significantly

16 protectable" interest derives from its statutory and contractual obligations to members of the

17 public in its coverage area.  EKPC Br. at 6.  According to EKPC, a decision in the plaintiffs'

18 favor will affect the financial assistance it receives from RUS, thereby harming its ability to

19 provide electric service to the public.  However, this purported "significantly protectable"

20 interest is similar to the interest asserted by the logging groups in PAS.  While EKPC may have

21 hoped for or even expected the financial assistance from RUS, this is similar to the expectation

22 held by the loggers in their continued ability to harvest old-growth.  EKPC has no legal right to

23

24

Page 5 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

1   receive money from the agency.

2   EKPC's interests are different from those held by the State of Arizona and Apache

3   County in <u>FCC</u> (allowing intervention in the <u>remedies</u> phase alone).  The applicant-intervenors

4   in that case held <u>existing</u> contractual rights to timber proceeds from the affected lands and a

5   separate legal duty to ensure public safety by managing forest fires.  EKPC, on the other hand,

6   does not have an <u>existing</u> contractual or statutory right to receive funds from RUS.  EKPC

7   asserts that its statutory and contractual obligations to its customers form the basis of its

8   "significantly protectable," but these interests will only be indirectly and speculatively affected

9   by the NEPA compliance claim.

10   Unlike <u>existing contracts for federal timber revenues</u> which could have been directly

11   affected by an injunction in <u>FCC</u>, EKPC's asserted "significantly protectable" interests consist

12   solely of its statutory and contractual obligations to provide electric service to its customers.

13   While these interests may be indirectly affected by the EKPC's ability to obtain financing from

14   RUS, the interests themselves do not directly relate to "the property or transaction which is the

15   subject of the [NEPA compliance] action," as required under FRCP 24(a).  EKPC does not have

16   any legal right to obtain financing for RUS; therefore, its interests that may be affected based on

17   its potentially impaired ability to receive this funding do not qualify as "significantly

18   protectable."

19   EKPC's interests are also unlike those in <u>Churchill County</u>, in which the Ninth Circuit

20   allowed Sierra Pacific to intervene in the remedial phase because it was able to show that its

21   <u>legally protected water rights</u> would be directly affected by the action.

22   EKPC's "sky is falling" arguments are also incorrect.  This lawsuit is not a challenge to

23

24

Page 6 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1  the two combustion turbines ("CT's").  This is a challenge to the 345 KV power line, which is

2  being built in part to serve the proposed coal-fired CFB at Smith.  Marshall Decl., attachment 1

3  at 5; attachment 3 at 3-4; RUS Answer ¶ 31.  In other words, EKPC would not need a 345 kv

4  power line to serve just the two CT's.

5  In any event, EKPC's claim about the lights going out is contradicted by its own

6  document.  Attachment 1 to Marshall's Declaration (at 2) states that the new CTs are needed at

7  least in part to replace power that EKPC used to get from a power purchase agreement.  Of

8  course, EKPC could buy power again if it needed to.  In fact, EKPC has stated in other court

9  documents that Kentucky has 1774 MW of natural gas combustion turbine facilities which are

10  merchant plants, meaning they sell electricity to utilities like EKPC when they need it.

11  Environmental and Public Protection Cabinet v. Sierra Club, No. 2007-Ca-001723-ME and No.

12  2007-Ca-001742-ME (Ky Ct. Appeals), Joint Motion of EKPC and other companies to File Brief

13  as Amici Curiae, Attachment A, page 30.[1]  See also Marshall's Dec., Attachment 2, page 12.

14  **B.     EKPC's Interests in this Action Will Be Adequately Represented by RUS**

15  EKPC has also failed to meet the fourth prong of the test for intervention as of right.

16  There is no basis for concluding that EKPC's interests in this action are not adequately

17  represented by the government.  The Ninth Circuit has stated that "a presumption of adequate

18  representation generally arises when the representative is a governmental body or officer charged

19  by law with representing the interests of the absentee."  Forest Conservation Council v. U.S.

20  Forest Service, 66 F.3d 1489, 1499 (9th Cir. 1995) (FCC).  Furthermore, the Ninth Circuit

21  recently held that where the intervenor-applicant and an existing party "have the same ultimate

---

[1] Plaintiffs request that the court take judicial notice of the proceedings in the other lawsuit.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Page 7 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1    objective, a presumption of adequacy of representation arises." <u>Northwest Forest Resource</u>

2    <u>Council v. Glickman</u>, 82 F.3d 825, 838 (9th Cir. 1996) (<u>NFRC</u>).  EKPC and RUS agree that the

3    proposal does not violate the law; indeed, their answers are virtually identical.  <u>See</u> EKPC

4    Proposed Answer ¶¶ 3, 4, 38, 39, 47, 48, 52, 53; RUS Answer ¶¶ 3, 4, 38, 39, 47, 48, 52, 53.

5    There is, therefore, no useful purpose to be served by granting EKPC intervenor status.

6    **II.    EKPC DOES NOT MEET THE TEST FOR PERMISSIVE INTERVENTION**

7    　　　　The Ninth Circuit has stated that permissive intervention pursuant to Federal Rule of

8    Civil Procedure 24(b)(2) should be granted only if the proposed intervenor "will significantly

9    contribute to [the] full development of the underlying . . . issues in the suit and to the just and

10   equitable adjudication of the legal questions presented."  <u>Spangler v. Pasadena City Bd. of Ed.</u>,

11   552 F.2d 1326, 1329 (9th Cir. 1977).  The issues regarding RUS's compliance with the laws that

12   govern the project at issue can be fully developed by the present parties.

13   　　　　EKPC has not demonstrated that it will "supplement the position already taken by the

14   other parties."  <u>Environmental Defense Fund v. Costle</u>, 79 F.R.D. 235, 244 (D.D.C. 1978), <u>cert.</u>

15   <u>denied</u>, 439 U.S. 107 (1979).  EKPC, like RUS, wishes to prove that RUS complied with the

16   relevant laws and that the proposal is important and in the public interest.  Simply adding

17   another voice echoing RUS's is not a significant contribution to development of the issues.

18   　　　　Where the "proposed intervenors would present no new questions to the court, conferring

19   *amicus* status is generally preferred over a grant of permissive intervention."  <u>Oregon</u>

20   <u>Environmental Council v. Oregon Dept. of Environmental Quality</u>, 775 F. Supp. 353, 359-60 (D.

21   Or. 1991).  In <u>Oregon Environmental Council</u>, the court denied a motion for permissive

22   intervention based on the lack of "new questions" brought before the court by the movant.

23

24

Page 8 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR  97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1  Addition of EKPC to this lawsuit will not supplement the position taken by RUS to any

2  significant degree, nor will it give EKPC a greater ability to speak to the issues of the case than

3  would amicus status.  RUS, through its counsel, is capable of representing the issues pertinent to

4  its case, and any supplementation by the EKPC would be duplicative.  See NFRC, 82 F.3d at 839

5  (denying environmental organization intervention because it would not add significantly to the

6  government's development of the issues).

7      Plaintiffs are also concerned, as courts have been, that allowing intervention will

8  unnecessarily protract this litigation.  For example, in British Airways Bd. v. Port Authority, the

9  court stated:

10 > Additional parties always take additional time.  Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions
11 > and the like which tend to make the proceeding a Donnybrook Fair.  Where he presents no new questions, a third party can contribute usually most effectively and always most
12 > expeditiously by a brief amicus curiae and not by intervention.

13  71 F.R.D. 583, 585 (S.D.N.Y. 1976) (citation omitted).

14  **III.    THE COURT SHOULD LIMIT THE SCOPE OF INTERVENTION**

15      Given the factors discussed in this brief, if this Court grants EKPC's motion to intervene,

16  it should impose limits on EKPC's party status.  See Fed. R. Civ. P. 24, Advisory Committee's

17  Note; FCC, 66 F.3d at 1495-96 (9th Cir. 1995).  Proper limits to impose include the following:

18      1)    If it grants intervention, the Court should follow the Ninth Circuit's lead in FCC,

19  allowing EKPC to participate only on issues involving injunctive relief.  66 F.3d at 1494, 1495

20  (and cases cited therein) .  Such a limit would be proper, because it is only the various alternative

21  forms of relief sought by plaintiffs that would have an impact on EKPC's interests.  See id.

22      2)    If this Court grants intervention, plaintiffs request that it also limit the

23

24

Page 9 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com

1  intervention in order to avoid delays and interference with the expeditious prosecution of this
2  case; specifically, a) this Court should not grant motions for extensions of time or discovery by
3  EKPC, and b) the Court should require EKPC to consolidate, or at least coordinate, its briefing
4  and other submissions of materials with RUS.

5  To be clear, when plaintiffs file their motion for summary judgment on the merits, that is
6  <u>not</u> the remedy phase, and if EKPC is granted limited intervention, plaintiffs intend to segment
7  the summary judgment motion from the remedy phase to make that distinction clear. The
8  proposed limited intervention poses no procedural difficulties and has been consistently used in
9  the Ninth Circuit to good effect.

**CONCLUSION**

Based on this brief and the documents before the court, plaintiffs oppose intervention by EKPC and respectfully request that if the court does allow intervention, it limit EKPC to the remedies phase of the litigation, and impose the additional limitations on intervention set forth above.

Dated June 13, 2008.	/s/ Marianne Dugan
	Marianne Dugan, *pro hac vice*
	259 E. 5th Ave., Ste 200-D
	Eugene, OR 97401
	Telephone: (541) 338-7072
	Fax: (866) 650-5213
	Email: mdugan@mdugan.com

	Matthew D. Vespa (CA Bar. No. 222265)
	Center for Biological Diversity
	351 California Street, Suite 600
	San Francisco, CA 94104
	Telephone: (415) 436-9682 ext. 309
	Fax. 415-436-9683
	E-mail: mvespa@biologicaldiversity.org
		Attorneys for plaintiffs

Page 10 - PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE

MARIANNE DUGAN, Attorney at Law
259 East 5th Ave., Suite 200-D
Eugene, OR 97401
(541) 338-7072; Fax (866) 650-5213
mdugan@mdugan.com