TIMOTHY J. HAGERTY
  Admitted *pro hac vice*
Frost Brown Todd LLC
400 W. Market St., 32nd Floor
Louisville, Kentucky 40202
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
Email: thagerty@fbtlaw.com

KENNETH A. REICH
  Admitted *pro hac vice*
WolfBlock LLP
One Boston Place
Boston, MA 02108
Telephone: (617) 226-4003
Facsimile: (617) 226-4500
Email: kreich@wolfblock.com

JOSE R. ALLEN
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Jose.Allen@skadden.com

Attorneys for Applicant Intervenor-Defendant
East Kentucky Power Cooperative, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB<br><br>Plaintiffs,<br><br>vs.<br><br>RURAL UTILITIES SERVICE, a federal agency Within the United States Department of Agriculture<br><br>Defendant. | Case No. C08-1240-MMC<br><br>**EAST KENTUCKY POWER COOPERATIVE, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**<br><br>Date:  June 27, 2008<br>Time: 9:00 a.m.<br>Honorable Maxine M. Chesney<br>Courtroom 7, 19th Floor |

Reply to Plaintiffs' Opposition to Motion to Intervene
Case No. C08-1240-MMC

Applicant Intervenor-Defendant East Kentucky Power Cooperative, Inc. ("EKPC") by and through its undersigned counsel, files this Reply in response to Plaintiffs Center for Biological Diversity, Kentucky Environmental Foundation, and Sierra Club's (collectively, "Plaintiffs") Response to Motion to Intervene. As discussed at length in its memorandum of points and authorities in support of its motion to intervene and herein, EKPC has a significantly protectable interest that may as a practical matter be impaired or impeded by the disposition of this action. The interest of EKPC is different from, and cannot be adequately represented by, Defendant Rural Utilities Service ("RUS"). In addition, there are common questions of law and fact between the claims and defenses of EKPC and the main action, and EKPC's participation will contribute to the equitable resolution of the case. Plaintiffs' opposition papers do not raise any compelling counter arguments. Thus, EKPC is entitled to intervene as of right or in the alternative permissively under Rule 24.

## ARGUMENT

**I.     Plaintiffs present no argument that precludes EKPC from being granted leave to intervene as a matter of right pursuant to Rule 24(a).**

While EKPC has acknowledged that the Ninth Circuit typically limits the scope of intervention as a matter of right for private parties in NEPA actions to the remedy phase of the case, *see Kootenai Tribe of Idaho*, 313 F.3d 1094, 1108 (9th Cir. 2002),[1] Ninth Circuit precedent establishes EKPC should be allowed to intervene fully as a matter of discretion under Rule 24(b). *See, e.g., Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1111 (9th Cir. 2002); *Center for Biological Diversity v. U.S. Fish & Wildlife Service*, 2005 U.S. Dist. LEXIS 42275, at *18-19 (N.D. Cal. 2005); *Defenders of Wildlife v. Johanns*, 3005 U.S. Dist. LEXIS 34455, at *28 (N.D. Cal. 2005). It is necessary briefly to respond to Plaintiffs' misstatements of fact and law regarding

---

[1] In light of the facts here EKPC respectfully requests the Court to exercise its discretion to make an exception to the *general* rule. The reasonableness of such an exception certainly is seen in the number of other Circuits where the regular practice is to allow project proponents and others to intervene in NEPA cases. *See, e.g., Kleissler v. U.S. Forest Service*, 157 F.3d 964, 971 (3d Cir. 1998); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994); *Wilderness Soc'y v. Babbitt,* 104 F. Supp. 2d 10, 18 (D.D.C. 2000). *But see Wade v. Goldschmidt*, 673 F.2d 182, 184-85 (7th Cir. 1982).

Reply to Plaintiffs' Opposition to Motion to Intervene                                                      Page 1
Case No. C08-1240-MMC

EKPC's significantly protectable interest in this action and the inadequacy of representation by the Government.

Plaintiffs contend that the Court should disavow well-established Ninth Circuit precedent and deny even limited intervention of right to EKPC based on the argument that EKPC does not have even a "significantly protectable" interest in the remedies phase of this NEPA case. Plaintiffs' Response to Motion to Intervene ("Plaintiffs' Brief" or "P.B.") at 5-7. To the contrary, EKPC has the most direct interest in this case of any one -- because it is the entity seeking financing from RUS for its energy projects, financing that would be directly impacted if Plaintiffs prevail.[2]

There can be no question that EKPC has a "significantly protectable interest" in this litigation. RUS financing of cooperative energy projects is the cornerstone and bedrock of RUS's coop program. Indeed, in RUS's memorandum in support of its motion to transfer venue, it explained that the Rural Electrification Act of 1936, ch. 432, 49 Stat. 1363 (May 20, 1936) ("RE Act"), authorizes the Secretary of Agriculture to make loans for the purpose of ""furnishing and improving electric . . . service in rural areas," and for the purpose of assisting electric borrowers to implement demand side management, energy conservation programs, and renewable energy systems. [RUS] . . . was established in 1994 to carry out the electric program under the RE Act." Government's Notice of Motion and Motion to Transfer Venue and Memorandum in Support at 1. Without such financing from RUS, EKPC's ability to provide much needed energy to its customers will be greatly jeopardized. This is more than a mere "economic interest" because of EKPC's duty to provide needed power to its customers, as that need was determined and ordered, following an extensive hearing by the Kentucky Public Service Commission ("PSC").

Plaintiffs also argue that since EKPC does not have a legal right to receive money from RUS it has no protectable interest. EKPC, of course, is an applicant for such funding and fully

---

[2] In a similar NEPA case against RUS, *Montana Environmental Information Center, et al. v. Johanns, et al.*, 1:07-cv-01311-JR (D.D.C.), the project proponent moved for full intervention as of right and permissively; Sierra Club, one of the plaintiffs in this action, did not oppose the motion and it was granted. It is disingenuous for Sierra Club and its co-plaintiffs to contend in a similar NEPA case against RUS that another project proponent seeking financing from RUS does not have a "significantly protectable" interest, even for purposes of limited intervention in the remedy phase.

expects it will receive the money it needs to provide much needed electricity to its customers. As stated above, one of the very purposes of RUS is to ensure that such funding is available to electric coops such as EKPC. Although Plaintiffs argue that EKPC does not have a protectable interest, they routinely seek to intervene in cases where they have less of a tangible interest than EKPC. *See, e.g., Center for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275. Both types of documented interests justify intervention in these types of cases.

Plaintiffs argue incorrectly that EKPC does not need the combustion turbines ("CTs") and the power line and thus this action will not likely impact EKPC. P.B. at 6-7. However, the orders of the Kentucky Public Service Commission attached to the Marshall Declaration as Exhibits A-C granting certificates of public convenience and necessity to EKPC and the unrebutted Declaration of Robert M. Marshall demonstrate EKPC's need for the CTs and the transmission line which are the subject of the RUS action which is challenged here. The Declaration of Robert M. Marshall states: "[t]he proposed transmission line and switching stations are needed to provide an outlet for the additional electric power that will be generated at the Smith Station. . . ." Marshall Dec., ¶ 7, filed concurrently with EKPC's motion to intervene. The Kentucky Public Service Commission found the statutory need for these independent projects. Marshall Dec., Exhibit A-C[3]. Thus, Plaintiffs' allegations are unsupported.

Plaintiffs' argument that EKPC should not be granted the right to intervene because the government will adequately represent it in this action is similarly flawed. An applicant intervenor must demonstrate that the party on whose side it wishes to intervene is not capable or willing to

---

[3] In *An Investigation into East Kentucky Power Cooperative, Inc.'s Continued Need for Certificated Generation*, PSC Case No. 2006-00564, on May 11, 2007, the PSC stated that "[t]he scope of this proceeding will be limited to EKPC's continued need for the certificated generation. The Commission has previously found the certificated projects to be the most reasonable and lowest-cost options for provisioning EKPC's distribution cooperatives with the power they require both now and in the future." Attachment 2 to the Marshall Dec. Then, on September 19, 2007, the PSC stated in *Application of East Kentucky Power Cooperative, Inc. for a Certificate of Public Convenience and Necessity for the Construction of a 345 KV Electric Transmission Project in Clark, Madison and Garrard Counties, Kentucky*, PSC No. 2006-00463, that "EKPC has presented substantial evidence that the construction of additional generation facilities at its Smith Station will require the construction of the proposed transmission main. Liberty examined whether EKPC had given adequate consideration of wheeling power through another utility's system and determined that EKPC had given adequate consideration to that alternative and had reasonably rejected it in favor of constructing the proposed line." Attachment 3 to the Marshall Dec.

make the applicant intervenor's arguments. *See Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); *see also Sierra Nevada Forest Protection Campaign v. U.S. Forest Service*, 2006 U.S. Dist. LEXIS 29919 (E.D. Cal. 2006) (because federal government did not have "the same type of vested economic interest" in litigation as applicant intervenor, court found applicant intervenor showed "sufficient doubt about the adequacy of representation"). "The burden of making this showing is *minimal*." *Pacific Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002) (citing *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983)) (emphasis added). As discussed in EKPC's moving papers, EKPC and RUS have different goals and objectives. RUS is concerned with the integrity of its financing program and regulations, whereas EKPC is concerned with and is statutorily required to address the electrical power needs of its customers. Consequently, RUS and EKPC have different interests and RUS may not be capable of making or willing to make the arguments EKPC will make in this matter.

Plaintiffs cite to a Ninth Circuit case for the proposition that "a presumption of adequate representation generally arises when the representative is a government body or officer charged by law with representing the interests of the absentee." P.B. at 7 (quoting *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1499 (9th Cir. 1995) ("*FCC*")). That case actually supports EKPC's position here, not Plaintiffs: The Ninth Circuit reversed and remanded an earlier denial for intervention because, among other reasons, the government agency there, the Forest Service, was not charged with representing the interests of the applicant intervenors, but instead with its own laws. *See FCC*, 66 F.3d at 1499. The court cited another oft-cited and instructive NEPA case, *Sierra Club v. Espy, 18 F.3d at 1208*, for the proposition that in that case, the government was an inadequate representative of applicant intervenors when the applicant intervenor is intervening to protect its economic interests and the government is representing "the broad public interest." *Id.* (citing *Sierra Club v. Espy, 18 F.3d at 1208*). Likewise, here, RUS

must protect the "broad public interest" and must protect the integrity of its own regulations -- it is *not* charged with representing the interests of EKPC.[4]

## II.     EKPC meets the test to intervene permissively as a matter of judicial discretion under Rule 24(b)(1)(B).

In its opening papers, EKPC requested as an alternative to Rule 24(a) intervention, permissive intervention under Rule 24(b).  Plaintiffs contend that EKPC should not be permitted such intervention based on allegations that EKPC has not "demonstrated that it will 'supplement the position already taken by the other parties.'"  P.B. at 8.  Such a statement disavows well-settled Ninth Circuit law explained in such NEPA cases as *Kootenai Tribe v. Idaho*, 313 F.3d 1094 (9th Cir. 2002) and *Center for Biological Diversity v. U.S. Fish & Wildlife Service*, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. 2005).  These cases recognize that if there are common questions of law or fact between the original action and the issues raised by the applicant intervenor, permissive intervention is appropriate.  Indeed, in those cases the underlying NEPA claim in the original action was found to have common questions of law or fact in how the land would be utilized.  *See, e g., Center for Biological Diversity,* at *17-18.

Additionally, the *Kootenai Tribe* court provided helpful instruction when it recognized that the applicant intervenors' participation "would assist the court in its orderly procedures leading to the resolution of th[e] case . . . ."  313 F.3d at 1111.  Certainly, here, the active participation of the project proponent, EKPC -- the entity that will be most directly affected by the actions of the Court in this case -- will assist the Court in its orderly procedures leading to the resolution of this case.  EKPC's knowledge of the underlying project and access to documents will assist the Court in seeking a just resolution of this matter; and in the event the Court needs additional information pertaining to this project, EKPC as a party will be in a position to supplement the record.

Disingenuously, Plaintiffs seek to apply a different rule for permissive intervention by EKPC, whose ox would be gored by the relief requested by plaintiffs, than they typically seek for

---

[4] *See also* discussion above regarding Sierra Club's lack of opposition to the motion for intervention of right in *Montana Environmental Information Center, et al. v. Johanns, et al.*, 1:07-cv-01311-JR.

themselves in cases where their interest is much less tangible. *See, e.g., Center for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275 (Center for Biological Diversity sought full intervention). The Court should not countenance this blatantly self-serving argument. Grant of full intervention will result in a full exploration of the factual record, which is in the spirit of the Federal Rules of Civil Procedure.

Plaintiffs also argue that if granted the right to intervene, EKPC may protract this litigation. P.B. at 9. That is pure speculation and is not supported by any cited Ninth Circuit caselaw. Instead plaintiffs cite to an inapposite case from the Southern District of New York, *British Airways Bd. v. Port Auth.*, 71 F.R.D. 583 (S.D.N.Y. 1976). That case was not a NEPA challenge, but instead involved declaratory and injunctive relief sought by plaintiff airlines who believed the Port Authority of New York was unfairly precluding the Concorde jet from taking off from JFK Airport. The applicant intervenors were municipalities who were concerned about noise. There is no basis to suggest that EKPC will delay the proceedings in this case; instead, the facts indicate just the opposite. EKPC stipulated with the other parties to a shortened briefing time for the Reply in order to accommodate the previously scheduled June 27 hearing date. EKPC will readily stipulate to filing all briefs on the same schedule as the government and will cooperate fully to expedite resolution of this case.

### III. Plaintiffs' Argument to Limit the Scope of Intervention is Inappropriate.

In a final argument to prevent the Court from having the assistance of EKPC -- the entity that would be most directly affected by the Court's actions -- in ensuring a just resolution of this matter, Plaintiffs urge the Court to limit the scope of EKPC's intervention. While EKPC recognizes the general rule in this Circuit that project proponents may as *of right* participate in the remedy phase of the matter only, plaintiffs cite no authority for similarly limiting the scope of permissive intervention. Indeed, Plaintiffs are unable to point to any caselaw that suggests anything other than courts *may* limit the scope of intervention when granting permissive intervention. Even though they would have EKPC intervene only on a limited basis here, one of the plaintiffs, Center for Biological Diversity, sought and was essentially granted full intervention in *Center for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 30, 2005). *See*

*also Kootenai Tribe of Idaho*, 313 F.3d at 1108-1111 (environmental group intervenors sought full intervention).  Intervenors under Rule 24(b) regularly are granted intervention status without the limits urged by Plaintiffs here.  *See, e.g., Kootenai Tribe of Idaho*, 313 F.3d at 1108-1111; *Defenders of Wildlife v. Johanns*, 2005 U.S. Dist. LEXIS 34455, at *28 (N.D. Cal. 2005); *Center for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. 2005).  The interests of EKPC in this action are so substantial that permissive intervention should be granted without limiting the scope of the intervention.

Plaintiffs' alternative suggestion that EKPC's participation as *amicus curiae* would fully protect its interests should also be rejected.  It is ironic that Plaintiffs would suggest that EKPC -- which has a very significant interest in the outcome of this matter -- would have its rights adequately protected by filing an *amicus* brief, while Plaintiffs apparently believe that filing an *amicus* is insufficient for themselves in other NEPA cases.  *See, e.g., Center for Biological Diversity*, 2005 U.S. Dist. LEXIS 42275 (N.D. Cal. May 30, 2005).  By participating fully as a party, EKPC will be able to take part in all proceedings and will be able to play a significant role in ensuring the completeness of the record.  This will not be possible if EKPC is relegated to the role of an *amicus*.

## CONCLUSION

Accordingly, for the reasons set forth in its Motion and this Reply, East Kentucky Power Cooperative, Inc. respectfully requests that the Court grant its motion to intervene pursuant to Federal Rule of Civil Procedure 24.

DATED:  June 17, 2008                                    Respectfully submitted,

                                                     /s/ José R. Allen
JOSE R. ALLEN
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: Jose.Allen@skadden.com

| | |
|---|---|
| 1 | TIMOTHY J. HAGERTY |
| | Frost Brown Todd LLC |
| 2 | 400 W. Market St., 32nd Floor |
| | Louisville, Kentucky 40202 |
| 3 | Telephone: (502) 589-5400 |
| | Facsimile: (502) 581-1087 |
| 4 | Email: thagerty@fbtlaw.com |

KENNETH A. REICH
WolfBlock LLP
One Boston Place
Boston, MA 02108
Telephone: (617) 226-4003
Facsimile: (617) 226-4500
Email: kreich@wolfblock.com

Attorneys for Applicant Intervenor-Defendant
East Kentucky Power Cooperative, Inc.