IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, KENTUCKY ENVIRONMENTAL FOUNDATION, and SIERRA CLUB,<br><br>    Plaintiffs,<br>  v.<br><br>RURAL UTILITIES SERVICE, a federal agency within the United States Department of Agriculture,<br><br>    Defendant | No. C-08-1240 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE; VACATING HEARING** |

    Before the Court is defendant Rural Utilities Service's motion, filed April 30, 2008 and amended May 7, 2008, to transfer the above-titled action to the District Court for the Eastern District of Kentucky, or, alternatively, to the District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a).  Plaintiffs Center for Biological Diversity, Kentucky Environmental Foundation, and Sierra Club have filed opposition, to which defendant has replied.  Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for June 27, 2008, and as set forth below, the Court finds, for the reasons stated by defendant in its motion, the instant action should be transferred to the Eastern District of Kentucky, pursuant to § 1404(a).[1]

---

[1] In light of this finding, the Court does not consider East Kentucky Power Cooperative, Inc.'s motion to intervene, also noticed for hearing on June 27, 2008.  Such motion may be renoticed for hearing before the transferee court.

In particular, because plaintiffs seek judicial review of defendant's decision regarding "two new . . . combustion turbine electric generating units" located in the Eastern District of Kentucky, "two new electric switching stations" located in the Eastern District of Kentucky, and a 36-mile "electric transmission line" located in the Eastern District of Kentucky, (see Compl. ¶ 3),[2] the "public factors" of "having localized controversies decided at home" and in avoiding "burdening citizens in an unrelated forum with jury duty" weigh heavily in favor of transfer.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986) (identifying factors); Trout Unlimited v. United States Dep't of Agriculture, 944 F. Supp. 13, 19 (D. D.C. 1996) (noting interest in having "localized controversy decided at home is "compelling"; holding "[t]his policy rationale applies equally to the judicial review of an administrative decision which will be limited to the administrative record"); see, e.g., Sierra Club v. Flowers, 276 F. Supp. 2d 62, 71 (D. D.C. 2003) (holding action seeking judicial review of administrative decision, to issue mining permits for certain wetlands in Southern Florida, properly transferred to Southern District of Florida; observing "depth and extent of Florida's interest is indisputable").  Indeed, the requisite public notice provided before defendant rendered its decision was provided in Kentucky, both through public meetings held in Kentucky and publication in Kentucky newspapers.  See 72 FR 53526-01. Significantly, plaintiffs cite no public factor that weighs in favor of retention of the action in this District.

To the extent plaintiffs argue that "private factors" provide a sufficient basis to retain the matter in this district, see Decker Coal, 805 F. 2d at 843, specifically, the deference due plaintiffs' choice of forum and the inconvenience plaintiffs and their counsel may experience if the matter is transferred, the Court is not persuaded.  First, plaintiffs' choice of forum is entitled to minimal deference because no part of their claims arose in the instant district. See Lou v. Belzberg, 834 F. 2d 730, 739 (9th Cir. 1989) (holding where "operative facts

---

[2] The subject units, stations, and transmission line are located in Clark, Madison and/or Garrard counties in Kentucky, (see id.); such counties are within in the Eastern District of Kentucky, see 28 U.S.C. § 97(a).

have not occurred" in plaintiff's chosen forum, plaintiff's choice is "entitled only to minimal deference"). Second, any asserted convenience to plaintiffs, each of whom is an organization, is not entitled to significant weight; one plaintiff, Kentucky Environmental Foundation, has its only office in Kentucky and appears to have no connection to California, (see Compl. ¶ 12), a second plaintiff, the Sierra Club, maintains a chapter in Kentucky with over 5000 members, (see Compl. ¶ 13), and the remaining plaintiff, the Center for Biological Diversity, has hundreds of members in Kentucky, (see Compl. ¶ 11).[3] Finally, the convenience of counsel is not a recognized factor. See, e.g., In re Horseshoe Entertainment, 337 F. 3d 429, 434 (5th Cir. 2003) (holding "factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"); Solomon v. Continental American Life Ins. Co., 472 F. 2d 1043, 1047 (3rd Cir. 1973) (holding "convenience of counsel is not a factor to be considered").

In sum, any convenience to plaintiffs' counsel based on litigating the matter in this District, even if cognizable and coupled with the minimal deference afforded plaintiffs' choice of forum, is insufficient to warrant retention of the matter in this District, given the compelling interest in having local controversies decided locally and the fact that none of the operative facts occurred in this District.

Accordingly, the motion to transfer is hereby GRANTED, and the above-titled action is hereby TRANSFERRED to the Eastern District of Kentucky.

**IT IS SO ORDERED.**

Dated: June 27, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] The Court further notes that each such plaintiff has, according to plaintiffs, members that regularly use the subject land in Kentucky for recreation and other activities. (See Compl. ¶¶ 11-13.) Evidence necessary to establish such allegation is likely to be located in Kentucky, not California. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-64 (1992) (holding where plaintiff organization's standing is challenged, plaintiff must prove member or members have suffered "injury in fact" by reason of defendant's decision).